UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEEVE PAUL,                                        Case No. 14 CV 4549
               Plaintiff,                 (FB) (JO)

    -against-                                        **SECOND AMENDED**
                                                                          **COMPLAINT**

THE CITY OF NEW YORK, P.O. THOMAS
SHATINSKY [SHIELD # 25910], P.O. BRIAN          JURY DEMAND
ZUPO [SHIELD # 19878], P.O. BRIAN
JARRETTE [SHIELD # 22927], P.O. JAMES
GRANT [SHIELD # 8377], P.O. NICHOLAS
GARVEY [SHIELD # 6734], and JOHN DOE
AND JANE DOE (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),
               Defendants.
------------------------------------------------------------X

Plaintiff, STEEVE PAUL, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Thomas Shatinsky [Shield # 25910], P.O. Brian Zupo [Shield # 19878], P.O. Brian Jarrette [Shield # 22927], P.O. James Grant [Shield # 8377], P.O. Nicholas Garvey [Shield # 6734] and John Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants P.O. Thomas Shatinsky [Shield # 25910], P.O. Brian Zupo [Shield # 19878], P.O. Brian Jarrette [Shield # 22927], P.O. James Grant [Shield # 8377], P.O. Nicholas Garvey [Shield # 6734], John Doe and Jane Doe (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about January 29, 2013, at approximately 8:20 a.m., defendant Thomas Shatinsky, acting in concert with his partner(s), arrested plaintiff without cause at or within the vicinity of 2171 Clarendon Road, Brooklyn, New York, and charged plaintiff with PL 140.05 'Trespass.' Additionally, on

2

or about October 28, 2014, at approximately 12:00 a.m., defendants P.O. Brian Zupo [Shield # 19878], P.O. Brian Jarrette [Shield # 22927], P.O. James Grant [Shield # 8377], P.O. Nicholas Garvey [Shield # 6734], acting in concert with themselves and with unnamed individuals, arrested plaintiff without cause at or within the vicinity of 2187 Clarendon Road, Brooklyn, New York, and charged plaintiff with PL 265.01 'Criminal possession of a weapon in the fourth degree' and PL 120.15 'Menacing in the third degree'.

10. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. Prior to his October 28, 2014 arrest, plaintiff had purchased food for his pregnant girlfriend from a restaurant that is situated at the aforesaid arrest location.

12. As plaintiff stepped out of the restaurant and was about to return home to his girlfriend with the food, he was bum-rushed by the aforesaid defendant officers who forcibly grabbed him, slammed him down to the floor and physically assaulted him.

13. Defendant officers grabbed the food that the plaintiff had just bought for his girlfriend and threw it away and also damaged the plaintiff's cell phone.

14. Plaintiff was then tightly handcuffed with his hands placed behind his back, and was further subjected to a strip search.

15. When the plaintiff inquired as to the reason for his arrest, he was informed that he fit the description of a liquor store robbery suspect.

16. Plaintiff was then transported to a nearby liquor store.

17. While at the liquor store, defendant officers reviewed the liquor store's surveillance tape which confirmed that the plaintiff did not commit any robbery or any other crime.

18. Nonetheless, plaintiff was transported to NYPD-70th Precinct where he was detained for a lengthy period of time.

19. After a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

20. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

21. During this meeting, defendant officers falsely stated to the prosecutors that the plaintiff committed the charged crimes.

22. Based on their false testimony, the prosecutors initiated actions against the plaintiff.

23. Eventually, the prosecutors determined that there was no evidence of any crimes committed by plaintiff.

24. As a result, the prosecutors declined to prosecute the plaintiff.

25. Eventually, after detaining plaintiff for a lengthy period of time, plaintiff was summarily released from his unlawful detention.

26. Plaintiff however was issued a summons concerning the January 29, 2013 arrest, which required him to appear at the criminal court to defend the false charge(s) levied against him.

27. On or about April 8, 2013, the false charge(s) levied against the plaintiff was summarily dismissed.

28. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

29. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

30. As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

31. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, unlawful stop and frisk, unlawful strip search, failure to intervene, unreasonable detention, unreasonable search and seizure, fabrication of evidence, denial of equal protection of the laws, denial of due process rights and malicious prosecution.

33. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

34. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

35. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

37. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on

5

|     | |
| --- | --- |
|     | the pretext that they were involved in they were involved in some crime or offense. |
| 38. | Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. |
| 39. | Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-70th Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Javier Jones v. City of New York* (14 CV 4550); *Steeve Paul v. City of New York* (12 CV 250); *Javier Jones v. City of New York* (10 CV 3719); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631); *Edward Ogunmoyin v. City of New York* (08 CV 5012). |
| 40. | That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein. |
| 41. | The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process. |
| 42. | By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983. |

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

45. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

46. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

47. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

48. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, breach of special duty or relationship, defamation, tortuous interference, fraud, trespass, negligent and intentional emotional distress and negligent hiring and retention of defendant officers.

50. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       April 29, 2015

                              UGO UZOH, P.C.

                              /s/

                         _____
                By:    Ugochukwu Uzoh (UU-9076)
                       Attorney for the Plaintiff
                       304 Livingston Street, Suite 2R
                       Brooklyn, N.Y. 11217
                       Tel. No: (718) 874-6045
                       Fax No: (718) 576-2685
                       Email: u.ugochukwu@yahoo.com